O

# United States District Court
# Central District of California

STJ ENTERPRISE INC.,

          Plaintiff,

    v.

H GROUP INTL, INC., and DOES 1 through 10,

          Defendant.

Case No. 2:19-cv-10855-ODW (JEMx)

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [17]**

## I.   INTRODUCTION

Plaintiff STJ Enterprise Inc. ("STJ") moves for entry of default judgment against Defendant H Group Intl, Inc. ("H Group"). (Mot. for Default J. ("Mot.") 1, ECF No. 17.)   For the reasons discussed below, the Court **GRANTS** STJ's Motion ("Motion").[1]

## II.   FACTUAL BACKGROUND

STJ initiated this action against H Group for copyright infringement. STJ alleges that H Group reproduced copyrighted designs in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (Compl. ¶ 6, ECF No. 1.)   Specifically, STJ alleges that H

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

1  Group manufactured, sold, and licensed fabrics or garments with unauthorized
2  reproductions of copyrighted designs.  (Compl. ¶¶ 16–19.)  According to the Complaint,
3  STJ registered the two designs with the United States Copyright Office on March 12,
4  2019, and March 13, 2019, with Registration Numbers of VA 2-146-117, VA 2-146-
5  167, ("Copyrighted Designs").  (Compl. ¶¶ 11–14.)

6        On January 23, 2020, STJ served a Summons and Complaint on H Group.  (*See*
7  Proof of Service, ECF No. 10.)  H Group failed to respond to the Summons and
8  Complaint, and, on February 28, 2020, STJ requested entry of default.  (*See* Appl. for
9  Entry of Default, ECF No. 14.)  The Clerk of the Court entered default on March 2,
10  2020.  (*See* Default by Clerk, ECF No. 15.)  STJ now moves for entry of default
11  judgment and seeks statutory damages, costs, and attorneys' fees.  (Mot. 22.)

12  ### III.   LEGAL STANDARD

13        Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to
14  grant default judgment after the Clerk enters default under FRCP 55(a).  Fed. R. Civ.
15  P. 55(b)(2).  Before a court can enter default judgment against a defendant, the plaintiff
16  must satisfy the procedural requirements set forth in Local Rule 55-1.  Local Rule 55-1
17  requires that the movant submit a declaration establishing: (1) when and against which
18  party default was entered; (2) identification of the pleading to which default was
19  entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the
20  Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the
21  defaulting party was properly served with notice, if required under Rule 55(b)(2).  C.D.
22  Cal. L.R. 55-1.

23        If these procedural requirements are satisfied, a district court has discretion to
24  enter a default judgment.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
25  However, "[a] defendant's default does not automatically entitle the plaintiff to a
26  court-ordered judgment."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174
27  (C.D. Cal. 2002).  In exercising its discretion, a court considers several factors ("*Eitel*
28  Factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's

1  substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake;

2  (5) the possibility of a dispute concerning material facts; (6) whether the defendant's

3  default was due to excusable neglect; and (7) the strong policy favoring decisions on

4  the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Generally, upon

5  entry of default by the Clerk, the defendant's liability is conclusively established, and

6  the well-pleaded factual allegations in the complaint are accepted as true, except those

7  pertaining to the amount of damages.  *TeleVideo Sys.*, *Inc. v. Heidenthal*, 826 F.2d 915,

8  917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557,

9  560 (9th Cir. 1977)).

10                              **IV.   DISCUSSION**

11         The Court first considers whether STJ satisfies the procedural requirements, then

12  whether the *Eitel* Factors weigh in favor of an entry of default judgment, and finally

13  what damages, if any, are appropriate.

14  **A.   Procedural Requirements**

15         STJ declares in its notice of motion: (1) the Clerk entered default against H Group

16  on March 2, 2020; (2) default was entered based on the Complaint STJ filed on

17  December 23, 2019; (3) H Group is neither an infant nor an incompetent; (4) H Group

18  is not covered under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, and

19  (5) service of this motion was not required under FRCP 55(b)(2) because H Group has

20  not appeared in any capacity. (*See* Notice of Mot. 1–2, ECF No. 17.)  Thus, STJ satisfies

21  the procedural requirements of Local Rule 55-1.

22  **B.   *Eitel* Factors**

23         Once the procedural requirements have been met, district courts consider the *Eitel*

24  Factors in exercising discretion for granting default judgment.  *Eitel*, 782 F.2d at

25  1471–72.  For the reasons discussed below, the Court finds that the *Eitel* Factors weigh

26  in favor of granting default judgment.

27

28

*1.   Possibility of Prejudice to the Plaintiff*

The first *Eitel* Factor considers whether the plaintiff will suffer prejudice if default judgment is not entered.  *Eitel*, 782 F.2d at 1471.  Denial of default judgment leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation.  *See Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177.  H Group elected not to participate in this action after being properly notified.  (*See* Proof of Service.)  Absent a default judgment, STJ has no recourse to recover against H Group for its alleged violations of the Copyright Act.  Therefore, this factor weighs in favor of default judgment.

*2.   Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* Factors together "require that a plaintiff state a claim on which the [plaintiff] may recover."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175.)  Although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

STJ alleges facts sufficient to establish that H Group violated the Copyright Act. The Copyright Act confers certain exclusive rights to valid owners of copyrighted works, including the exclusive right to "reproduce the copyrighted work in copies."  17 U.S.C. § 106(1).  To establish a claim for copyright infringement, STJ must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

First, STJ alleges that it is the copyright holder of the Copyrighted Designs. (Compl. ¶¶ 11–15.)  STJ additionally alleges that the Copyrighted Designs were registered with the United States Copyright Office on March 12, 2019 and March 13,

2019, with Registration Numbers of VA 2-146-117, VA 2-146-167. (Compl. ¶¶ 11–14.)  Thus, taking these allegations as true, STJ has sufficiently alleged that it is the exclusive owner of the rights of a valid copyright.

Second, STJ can establish copying of constituent elements by showing: (1) a defendant had a reasonable opportunity to view or access the copyrighted material; and (2) the defendant's work and the Plaintiff's work are substantially similar.  *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018).  STJ alleges that it has spent large sums of money in connection with advertisement of its products, cultivating a brand and loyal following of retailers and consumers.  (Compl ¶¶ 9–10.)  STJ alleges that H Group sold garments with the Copyrighted Designs as a pattern on the fabric. (Compl. ¶¶ 17–21.)  STJ provides images of the Copyrighted Designs and the garment sold with the Copyrighted Designs and patterns appear to be substantially similar, the design element has similar composite structures while the coloring is striped.  (Compl. ¶ 20.)  Thus, taking these allegations as true, STJ has sufficiently alleged that H Group copied the constituent elements of the Copyrighted Designs.

In sum, STJ has sufficiently alleged both that it is the owner of a valid copyright, and that H Group copied the Copyrighted Designs.  Therefore, STJ has alleged a valid copyright infringement claim on which it may recover.  The second and third *Eitel* Factors weigh in favor of default judgment.

### 4.  *The Sum of Money at Stake*

The fourth *Eitel* Factor balances "the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct."  *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782 F.2d at 1471.  The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions."  *Truong Gian Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at * 12 (N.D. Cal. May 29, 2007).  In its Complaint, STJ seeks "statutory damages as available under the Copyright Act of $150,000.00 per infringed copyright, per retailed stream of

1  commerce." (Compl. at 7.) In its Motion, STJ seeks $100,000 in statutory damages,

2  two-thirds the amount permitted for willful infringement under 17 U.S.C. § 504(c)(2).

3  (Mot. 19.) As this amount falls within the range permitted for the alleged harm under

4  17 U.S.C § 504(c)(2), the amount at stake although high appears to be within the range

5  permissible. Thus, this factor weighs in favor of granting default judgment.

6       *5. Possibility of Dispute*

7       The fifth *Eitel* Factor considers the possibility of dispute regarding material facts.

8  *PepsiCo*, 238 F. Supp. 2d at 1177. As H Group has failed to respond to the Complaint

9  or this Motion, no factual dispute exists because the allegations in the Complaint are

10  presumed true. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal.

11  2014). Thus, this factor weighs in favor of default judgment.

12       *6. Possibility of Excusable Neglect*

13       The sixth *Eitel* Factor considers whether H Group's default is the result of

14  excusable neglect. *Eitel*, 782 F.2d at 1472. No facts before the Court indicate that H

15  Group's default is due to excusable neglect. On January 23, 2020, STJ served H Group

16  with a Summons and Complaint. (*See* Proof of Service.) H Group failed to respond.

17  Thus, the Court finds that H Group's default is not due to excusable neglect and this

18  factor weighs in favor of default judgment.

19       *7. Policy Favoring Decision on the Merits*

20       "[D]efault judgments are ordinarily disfavored. Cases should be decided on their

21  merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where a

22  defendant fails to answer a complaint, "a decision on the merits [is] impractical, if not

23  impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. As discussed, H Group elected not to

24  respond to the Summons and Complaint, rendering a decision on the merits impossible.

25  (*See* Default by Clerk.) Thus, this factor weighs in favor of default judgment.

26       In sum, the *Eitel* Factors weigh in favor of default judgment. Therefore, the Court

27  **GRANTS** STJ's request for entry of default judgment.

28

## C.     Statutory Damages

After finding entry of default judgment appropriate, courts must next determine the terms of the judgment.  The Copyright Act provides that a copyright owner may elect to recover statutory damages in lieu of actual damages any time before a final judgment is entered.  17 U.S.C. § 504(c)(1).  The Act allows for damages of not less than $750 nor more than $30,000 with respect to any one work.  *Id.*  Moreover, where the court finds that the infringement was committed willfully, it has discretion to increase the award to a sum no greater than $150,000.  17 U.S.C. § 504(c)(2).  Courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

On default judgment, "statutory damages are appropriate . . . because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008); *Barcroft Media, Ltd. v. Soc. Trends Media, Inc.*, No. CV 17-5277-R, 2018 WL 4745305, at \*2 (C.D. Cal. May 1, 2018).  In determining statutory damages, courts often use estimates of actual damages or licensing fees. *See Michaels v. Nohr*, No. CV 15-06353-AB (JEMx), 2015 WL 12532177, at \*9 (C.D. Cal. Dec. 17, 2015).  Courts are guided by "what is just in the particular case," specifically considering "the nature of the copyright [and] the circumstances of the infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332,1336 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)).

STJ seeks $100,000, less than the $150,000 originally prayed for in its Complaint, in statutory damages for H Group's alleged willful act of infringement.  (Mot. 22.)  Though the statutory maximum for non-willful infringement of two designs would total $60,000, STJ argues that H Group's violations were willful.  (Mot. 19.)  STJ argues that H Group's disregard of its obligation to respond to the Complaint, coupled with the identical nature of the infringing goods, warrants a finding of willful infringement.  For

1  the two infringements, the Court could award heightened damages of up to $300,000,

2  $150,000 per infringed design.  (Mot. 19–20.)  STJ therefore argues that an award of

3  $100,000 total in statutory damages is reasonable.  (Mot. 20–21.)

4  As alleged, STJ makes it clear that H Group used components of the Copyrighted

5  Designs.  Though STJ alleges that it invested significant capital in advertising its brand,

6  it fails to allege specifically how H Group may have accessed the Copyrighted Designs.

7  In a declaration by its President, STJ asserts that it displayed its designs at trade shows

8  in Las Vegas and New York, where employees of H Group were in attendance.  (Decl.

9  of Siamak Esteghball ¶ 7, ECF No. 17-1.)  However, the Court does not find that STJ

10  adequately demonstrated that H Group *willfully* infringed STJ's Copyrighted Designs.

11  *C.f. Star Fabrics, Inc. v. Wet Seal, Inc.*, No. 14-cv-07163-BRO (SHx), 2015 WL

12  12746712, at \*5 (C.D. Cal. Apr. 27, 2015) (finding sufficient allegations of willful

13  conduct when defendant purchased sample fabrics bearing the infringed design from

14  plaintiff).  Furthermore, with respect to damages, STJ presents no evidence as to the

15  amount of actual damages or estimates of profits H Group earned.   Thus, the

16  circumstances of this infringement simply do not warrant an award of $100,000.

17  This case is similar to other copyright claims adjudicated in the Central District

18  where courts awarded much lower statutory damages.  For instance, in *Star Fabrics,*

19  *Inc. v. Time Less Inc.*, the court awarded only $3000 in statutory damages per defendant

20  after discussing the lack of evidence regarding the number or nature of sales by any

21  defendant. No. 16-cv-07789-SJO (AGRx), 2017 WL 8229553, at \*6–7 (C.D. Cal. Apr.

22  21, 2017); *see also Star Fabrics, Inc. v. DKJY, Inc.*, No. 2:13-CV-07293-ODW

23  (VBKx), 2014 WL 102809, at \*6 (C.D. Cal. Jan. 9, 2014) (awarding $3000 for one

24  infringing fabric and $1500 for another).  Accordingly, considering the nature of the

25  copyright and the circumstances of the infringement, the Court concludes that a total

26  award of $4000 sufficiently compensates STJ while effectively deterring those who

27  might engage in similar unlawful conduct.

28

**D.      Costs and Attorneys' Fees**

STJ requests litigation costs of $992.50 and attorneys' fees of $9600.00, in accordance with Local Rule 55-3.  (Mot. 21–22.)   A party who has violated the Copyright Act may be liable for attorneys' fees and costs under 17 U.S.C. § 505.  On default judgment, the Court determines attorneys' fees pursuant to the Schedule of Attorneys' Fees provided in Local Rule 55-3.  The Schedule provides that an amount of Judgment between $1000.01 and $10,000 warrants an award of attorneys' fees of $300 plus ten percent over $1000.  C.D. Cal. L.R. 55-3.  As ten percent of $3000 is $300, the Court awards $600 in attorneys' fees.  Additionally, the Court accepts STJ's representation regarding litigation costs and awards costs in the amount of $992.50.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** STJ's Motion for Default Judgment and **awards $4000 in statutory damages**.  The Court further **awards $600 in attorneys' fees** and **$992.50 in costs**.  The Court will issue Judgment.


**IT IS SO ORDERED.**


July 27, 2020

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**